**IN THE COURT OF APPEALS OF IOWA**

No. 22-0958
Filed October 19, 2022

**IN THE INTEREST OF J.P. and A.P.,**
**Minor Children,**

**M.P., Father,**
        **Appellant.**
_____

Appeal from the Iowa District Court for Jones County, Joan M. Black, District Associate Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

Robert W. Davison, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Kelly D. Steele, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

A father appeals the termination of his rights to his two children. He challenges the statutory grounds for termination, claims termination is not in the children's best interests, requests we apply an exception to preclude termination, and urges us to establish guardianships for the children instead of terminating his rights.

We conduct de novo review of orders terminating parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process that involves determining if at least one statutory ground for termination has been established, whether termination is in the children's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). Then we address any additional claims raised by the parents. *In re L.R.*, No. 22-0803, 2022 WL 4361855, at *1 (Iowa Ct. App. Sep. 21, 2022).

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(f) (2022). This ground for termination permits termination upon proof that (1) "[t]he child is four years of age or older"; (2) "[t]he child has been adjudicated a child in need of assistance" (CINA); (3) "[t]he child has been removed from the physical custody of the child's parents . . . for the last twelve consecutive months and any trial period at home has been less than thirty days"; and (4) "the child cannot be returned to the custody of the child's parents" at the time of the termination hearing. Iowa Code § 232.116(1)(f); *see also In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting section 232.116(1)(f)(4)'s use of the phrase "at the present time" to mean at the time of the termination hearing). It

appears the father only contests the last element—whether the children can be returned to him. We have no hesitation in rejecting this challenge. The father is currently incarcerated and is not scheduled to discharge his sentence until 2026, so the children could not be placed in his custody. *See L.R.*, 2022 WL 4361855, at *2 ("As noted, the father is in prison so the child obviously could not be placed in his custody."). Accordingly, the statutory ground for termination is satisfied.

Next, we turn to best interests.[1] The father argues termination is not in the children's best interests because "the [c]ourt, in approving the permanency goal in December 2021 of long[-]term guardianship, essentially acknowledged that termination was not in the children's best interest[s]." This mischaracterizes the record. A permanency hearing was started, at which the parties floated the idea of establishing a guardianship as a permanency goal. As the hearing neared the end of its allotted time, the juvenile court noted that it was not convinced the idea of a guardianship had been adequately explored by the parties and expressed a number of important questions that remained unanswered. One of those questions was whether it is "clear that termination of parental rights is not in the children's best interests." *See* Iowa Code § 232.104(4)(a) (requiring convincing evidence that termination of parental rights is not in a child's best interest before the juvenile court is permitted to choose one of the permanency options in section 232.104(2)(d)); *see also* Iowa Code § 232.104(2)(d)(1) (listing establishment of a

---

[1] When making a best-interest determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).

guardianship as a permanency option). As those questions remained unanswered and there was insufficient time to receive evidence to answer those questions, the juvenile court rescheduled the hearing. By the time the rescheduled hearing date arrived, the State was no longer recommending a guardianship. Under these circumstances, we conclude the juvenile never determined it was in the children's best interests to establish a guardianship instead of terminating parental rights.

Issues of mischaracterization of the record aside, we agree with the juvenile court that termination is in the children's best interests. The father has a history of methamphetamine use, and he tested positive for the drug in December 2021 when testing for his probation officer.[2] Moreover, the father cannot provide the children with the level of stability and security that they need and deserve. As already noted, the father is incarcerated, having committed a variety of crimes. He is not available to parent the children for some time, and he has no prior established history of being able to do so on a consistent basis.

The father also urges us to apply a section 232.116(3) exception and forgo termination. Iowa Code section 232.116(3)(c) permits us to forgo termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship[s]." Section 232.116(3)(a) permits us to forgo termination when "a relative has legal custody of the child[ren]." The father has the burden of

---

[2] The father refused to complete any drug testing for the department. We presume these refused tests would have been positive for illegal substances. *See In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) (collecting cases noting missed tests can be presumed positive for illegal substances).

establishing one of these exceptions to termination. *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). Even if established, we are not required to apply an exception to preclude termination. *Id.* at 475. Instead, we have discretion to determine whether or not to apply an exception. *See id.*

The father's reliance on section 232.116(3)(a) fails because, while the children are placed with a relative, the department has legal custody of the children. *See In re L.L.-F.*, No. 22-1138, 2022 WL 4361790, at *2 (Iowa Ct. App. Sept. 21, 2022) ("Although placed with relatives, legal custody of the children remains with DHS. Therefore, the exception under section 232.116(3)(a) does not apply."). As to the father's reliance on section 232.116(3)(c), we acknowledge the father has bonds with the children, but he has failed to establish the bonds are so strong that "severing [them] would be manifestly detrimental to the child[ren]." *See In re C.E.*, No. 22-1179, 2022 WL 4362094, at *2 (Iowa Ct. App. Sept. 21, 2022). We decline to apply an exception to termination.

Finally, throughout his petition on appeal, the father argues this case should have ended in the establishment of guardianships instead of termination of his parental rights. As previously noted, before a guardianship in lieu of termination becomes a viable permanency option, there must first be convincing evidence that termination of parental rights is not in the children's best interests. *See* Iowa Code § 232.104(4)(a); *see also id.* § 232.117(5) (permitting the court to enter a permanency order under section 232.104 if the court decides not to terminate parental rights). As we have already determined, termination is in the children's best interests, so establishing a guardianship is not an available option. Further, "a guardianship is not a legally preferable alternative to termination." *A.S.*, 906

N.W.2d at 477 (citation omitted). Because we conclude termination is in the children's best interests, we conclude establishment of guardianships for the children is not in their best interests.

We affirm the termination of the father's parental rights.

**AFFIRMED.**